UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| GREGORY MCKINNON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:04CV183 RWS |
| | ) | |
| THE BOEING CO., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before me on The Boeing Co.'s (Boeing) Motion for Bill of Costs [#32]. McKinnon argues that Boeing's motion should be denied because he is indigent and is unable to pay the requested costs. McKinnon has not objected to any of the requested costs on the basis that they are not authorized by law. After reviewing the case, it is my determination that McKinnon should pay a portion of the requested costs.

Boeing prevailed in this suit by receiving a judgment in its favor. The presumption under Fed. R. Civ. P. 54 (d) is that the prevailing party is entitled to costs. Bathke v. Casey's General Stores, Inc., 64 F.3d 340, 347 (8th Cir. 1995). Under Title 28 U.S.C. § 1920 the Court may tax costs for, among other things, the following: (1) fees of the clerk and marshal; (2) fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; and (4) fees for exemplification and copies of papers necessarily obtained for use in the case.

Boeing seeks to have the following costs taxed to McKinnon:

| | |
|---|---|
| Deposition of McKinnon - Day One | $1,376.45 |
| Deposition of McKinnon - Day One Video | $977.54 |
| Deposition of McKinnon - Day Two | $789.50 |

| | |
|---|---|
| Deposition of McKinnon - Day Two Video | $527.91 |
| Deposition of McKinnon - Day Three | $1,022.45 |
| Deposition of McKinnon - Day Three Video | $731.79 |
| Deposition of McKinnon - Day Four | $656.35 |
| Deposition of McKinnon - Day Four Video | $398.18 |
| Deposition of Anderson Minor | $240.00 |
| Deposition of Rhonda Tyler | $136.00 |
| Deposition of William Selinger | $156.80 |
| Deposition of Michael Harshbarger | $148.00 |
| Exemplification of Copies Incurred | $66.00 |

Fed. R. Civ. P. 54(d) gives the district court some discretion in determining whether to tax costs at all and whether to reduce the amount of costs taxed due to a litigant's indigency. Fed. R. Civ. P. 54(d) ("costs other than attorneys' fees shall be allowed as of course to the prevailing party *unless the court otherwise directs . . .*") (emphasis added); see also Lampkins v. Thompson, 337 F.3d 1009, 1017 (8th Cir. 2003) ("the district court properly considered [plaintiff's] indigency and incarceration before assessing costs").

In this case, McKinnon has introduced evidence that his sole income comes from Social Security for his disability. His monthly income is approximately $1,500 per month. Boeing has not disputed this evidence.

After reviewing Boeing's evidence of its costs incurred, I have concluded that some of Boeing's requested costs are improper. Fed. R. Civ. P. 30(d)(2) states that "[u]nless otherwise authorized by the court or stipulated by the parties, a deposition is limited to one day of seven hours." Boeing did not seek authorization from the Court to depose McKinnon for four days. As a result, I will only tax McKinnon with the cost of one day's deposition. The cost of one day's deposition ranges from $656.35 to $1,376.45. Because he is indigent, I will tax McKinnon with the cost of the least expensive deposition: $656.35. Additionally, I will not tax McKinnon with

the cost of the videotaping the depositions because that was solely for the benefit of Boeing.

The other costs requested by Boeing appear to be proper and will be taxed to McKinnon. This reduces the amount of costs taxable to McKinnon to $1,403.15.

Accordingly,

**IT IS HEREBY ORDERED** that Boeing's Motion for Bill of Costs [#32] is **GRANTED** in part and **DENIED** in part, and the Clerk shall tax the sum of $1,403.15 against Plaintiff Gregory McKinnon.

Dated this <u>6th</u> Day of June, 2005.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE